IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

DAVID ROY LYNCH, aka )
ROY DAVID MCDOWELL, ) Civil Action No.: 6:16-03939-RBH
)
Petitioner, )
)
v. ) **ORDER**
)
LEROY CARTLEDGE, )
)
Respondent. )
_____ )

Petitioner David Roy Lynch, a/k/a Roy David McDowell ("Petitioner"), an inmate with the South Carolina Department of Corrections, brought this habeas corpus petition pursuant to 28 U.S.C. § 2254. [ECF #1]. In his petition, Petitioner raises four grounds for habeas relief. [ECF #1]. Currently pending before this Court is Respondent's Motion for Summary Judgment [ECF #20] and the Report and Recommendation of Magistrate Judge Kevin McDonald. [ECF #29]. The Magistrate Judge recommends that summary judgment be granted in favor of Respondent on all grounds. [ECF #29]. Petitioner responded to Respondent's Motion on June 15, 2017. [ECF #26]. Petitioner also timely filed objections to the Report and Recommendation on February 13, 2018. [ECF #30]. Respondent filed a reply to these objections on February 27, 2018. [ECF #32]. After a review of the pleadings, this Court issues the following Order.

**Background**

A detailed procedural history and factual background is adequately set forth in the Report and Recommendation (the "R&R"). [ECF #29, pp. 1-9]. Briefly stated, Petitioner was indicted in August 2005 on murder charges, as well as assault and battery with intent to kill. [ECF #19-1,

1

App. 499-504]. In January 2007, he was also indicted on a charge of armed robbery. [ECF #19-1, App. 499-504]. The evidence presented at trial was that Petitioner was involved with a group of people who decided to plan a robbery in order to obtain money or drugs. [ECF #19-1, App. 216-17; 165]. According to the testimony of another individual involved with the robbery, Petitioner and another individual who later pled guilty for this crime, Mr. Salters, each armed with a gun, approached an individual to rob him, and then returned to the vehicle. [ECF #19-1, p. 216-225]. Petitioner was eventually arrested and after being advised of his Miranda rights, provided an interview to law enforcement. [ECF #19-1, App. 200-03; 268]. In that interview, he provided information to the deputies including a statement of the events and a diagram of the scene. [ECF #19-1, App. 200-04; 208; 268; 306-08]. Petitioner was prosecuted on a theory of accomplice liability. [ECF #19-1, App. 329]. Though he did not testify at trial, his defense was that "mere presence" is not enough to convict him. [ECF #19-1, App. 346]. On January 8, 2007, a jury found Petitioner guilty as indicted, and he was sentenced to life imprisonment for murder and a concurrent thirty year term of imprisonment for armed robbery and a twenty year term of imprisonment for assault and battery with intent to kill. [ECF #1, p. 2].

Petitioner timely filed a notice of appeal, but the Court of Appeals dismissed this appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967). [ECF #19-2]. Petitioner did not seek further review, and the state court issued its remittitur on June 10, 2011. [ECF #19-3]. The remittitur was filed with the Spartanburg County Clerk of Court on June 22, 2011. [ECF #19-3]. Thereafter, Petitioner filed a pro se application for post conviction relief ("PCR"), in which he asserted ineffective assistance of trial counsel and ineffective assistance of appellate counsel. [ECF #19-1, App. 392]. After an evidentiary hearing where he was represented by counsel, his PCR

application was dismissed with prejudice. [ECF #19-1, p. 498]. Petitioner's PCR counsel timely filed a notice of appeal of this order, and his appellate counsel filed a petitioner under *Johnson*,[1] presenting one issue for review. [ECF #19-6; 19-7]. The issue for review was whether the record supported the PCR court's conclusion that trial counsel was not deficient in failing to object to the solicitor's comment in closing argument that his co-defendant had pled guilty under the "the-hand-of-one-is-the-hand-of-all theory. [ECF #29, p. 7]. Petitioner filed a pro se response to the petition, reiterating his earlier claims of ineffective assistance of counsel and arguing other substantive issues existed upon which to grant relief. [ECF #19-8]. Petitioner also filed a pro se Memorandum for Writ of Certiorari to the South Carolina Supreme Court. On November 9, 2016, the state supreme court denied certiorari to review the pro se response. [ECF #19-9]. The state court issued its remittitur on November 29, 2016, which was filed with the Spartanburg County Clerk of Court on December 2, 2016. [ECF #19-10].

Petitioner filed his pro se petition for habeas relief pursuant to § 2254 in this Court on December 15, 2016. [ECF #1]. On April 21, 2017, Respondent filed its Motion for Summary Judgment. [ECF #20]. On June 15, 2017, Petitioner, now represented by counsel, filed a response opposing this motion. [ECF #26]. Respondent filed its reply on June 22, 2017. [ECF #28]. On January 30, 2018, Magistrate Judge Kevin McDonald issued his Report and Recommendation (the "R&R"), recommending summary judgment be granted as to all grounds raised in the petition for habeas relief. [ECF #29]. Petitioner filed his objections to the R&R on February 13, 2018. [ECF #30]. In his objections, Petitioner raises one objection as to the dismissal of ground two. [ECF #30, p. 1]. All other grounds initially raised have been abandoned by Petitioner. Respondent

---

[1] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

3

filed its reply on February 27, 2018. [ECF #32]. This matter is now before the Court for disposition.

## Legal Standards of Review

### I. Review of the Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*

### II. Summary Judgment Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute,

4

or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the motion seeking summary judgment, Respondent argues that ground two, alleging that trial counsel was ineffective in failing to object to the solicitor's closing argument, should be dismissed because Petitioner does not provide a legal basis to show trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668, 689 (1984). This is the only ground Petitioner objects should not be dismissed.

### III. Federal Habeas Review under 28 U.S.C. § 2254

Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, in considering Petitioner's claims, the Court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d). *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (explaining

5

federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding"). AEDPA also provides that a person "in custody pursuant to the judgment of a State court" and who seeks federal habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d).

**Discussion**

In his petition for habeas relief, Petitioner provides the following claim in his second ground for relief:

> whether the record supports the PCR court's conclusion that trial counsel was not deficient in failing to object when the solicitor argued in closing that Petitioner's co-defendant had pled guilty to the same charges under the theory of the-hand-of-one-is-the-hand-of-all[2] where the record only disclosed that the codefendant had pled guilty and not that the plea was under a specific theory of liability and where Petitioner's defense was that he was merely present and not an accomplice.

[ECF #1]. The supporting facts for this ground are that Petitioner's counsel should have objected to this closing argument because Petitioner's codefendant, Mr. Salters, had the specific intent to kill because he knew the deceased victim was romantically involved with his girlfriend, and thus Mr. Salter had motive and intent to assault, shoot, and rob the victim. [ECF #1]. Petitioner also states that trial counsel should have objected to the closing argument because it implied that Petitioner was guilty because his codefendant was guilty. [ECF #1]. Respondent concedes this ground is properly before this Court for habeas review.

---

[2] This doctrine provides, "when two or more persons aid, encourage, and abet each other in the commission of a crime, all being present, all are principals and equally guilty." *Young v. Catoe*, 205 F.3d 750, 761 (4th Cir. 2000) (citing *State v. Hicks*, 185 S.E.2d 746, 748, 257 S.C. 279 (S.C. 1971)).

6

To seek relief on claims of ineffective assistance of trial counsel, Petitioner must make the proper showing under *Strickland v. Washington*. *Strickland* provides that a Petitioner must prove both of the following: (1) trial counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) trial counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In analyzing an ineffective assistance of counsel claim, the proper standard to judge counsel's performance under the first prong of *Strickland v. Washington* is that of "reasonably effective assistance." *Id.* at 687. The strong presumption is that counsel rendered adequate assistance and made all significant decisions in the exercise of "reasonable professional judgment." *Id.* at 690; *see also Mazzell v. Evatt*, 88 F.3d 263, 266 (4th Cir. 1996) (stating a defendant must show that counsel's performance "fell below an objective standard of reasonableness."). In proving the second prong, Petitioner must show that any deficiencies in counsel's performance were sufficiently prejudicial to the defense. *Strickland*, 466 at 693; *see also Evans v. Smith*, 220 F.3d 306, 317 (4th Cir. 2000) (explaining the court must determine whether there is a reasonable probability, that but for counsel's errors, the result would have been different). The question is thus whether, absent errors by counsel, the fact finder would have reasonable doubt respecting guilt. *Strickland*, 466 U.S. at 694. The PCR count found Petitioner did not prove his trial counsel was deficient under either prong of *Strickland*.

The Magistrate Judge, in recommending this Court grant summary judgment on this ground, considered the evidence presented by the State at trial, specifically, the testimony by Margaret Alicia Lemke that: Petitioner and four other people had planned this robbery; this group of individuals, including Petitioner, went to a neighborhood populated by drug dealers; Petitioner

and Salters, each armed with a gun, approached one of the victim's car; and Lemke then heard gunshots. At trial, evidence showed that the two victims identified were shot. After the gunfire, Petitioner and Salters returned to the car, and Lemke drove away. [ECF #29, pp. 21-22]. Later, Salters explained to the group what happened, including statements that "they" approached the victim's car and that Petitioner broke out the victim's window. [ECF #29, p. 22]. While Salters shot the victim, Petitioner kicked him and searched his pockets and his car. [ECF #29, p. 22]. Salters told the group that while Petitioner was searching the car, Salters shot the second victim. Petitioner did not dispute these statements. [ECF #29, p. 22]. The Magistrate Judge further considered testimony at trial that Petitioner told Lemke he "knew they needed to stay out of the area" and testimony by Petitioner's roommate that he and Salters killed Evans. [ECF #29, p. 22]. Finally, Petitioner provided information to law enforcement, including that he and Salters knew they planned on robbing the victim when they approached his car, and that Petitioner was able to provide the location of certain items owned by the victim that Salters had thrown away. [ECF #29, p. 22].

Finally, the Magistrate Judge, considered the fact that at the PCR hearing, Petitioner's trial counsel testified that he did not believe the statements of the solicitor were improper because Salters guilty plea was something discussed during the trial. [ECF #29, p. 25]. Trial counsel also stated that as far as his strategy, he did not believe it made sense to object without a good basis to articulate an objection, and further, that it is improper to interrupt another attorney's closing when it is unnecessary. [ECF #29, p. 25]. The PCR court, in finding trial counsel credible, determined that Petitioner did not demonstrate trial counsel erred in failing to object to closing argument. In relying upon these facts, the Magistrate Judge determined that the PCR court's

8

rejection of Petitioner's claim was not an unreasonable application of *Strickland* or based on an unreasonable determination of the facts found in the state court record. Petitioner's objection to this analysis is that trial counsel had a duty to mitigate the impact of a co-defendant's guilty plea, and the failure to object to what Petitioner states is an improper closing argument "infected" the trial and denied him his right to due process. [ECF #30, p. 3].

In the case cited by Petitioner in his objections, *Donnelly v. DeChristoforo*, a petitioner challenged remarks by a prosecutor involving the expression of a personal opinion as to guilt, and regarding a defendant's motives in standing trial by stating that the defendant and his counsel "hope that you find him not guilty. I quite frankly think that they hope you find him guilty of something a little less than first-degree murder." 416 U.S. 637, 640. In *Donnelly*, trial counsel objected to these statements. The Supreme Court ultimately held that the prosecutor's remarks, which were followed by the trial court's specific disapproving instructions, did not amount to the denial of constitutional due process. 416 U.S. 637, 646-48. *Donnelly* did not include an analysis under *Strickland* regarding the trial counsel's conduct; nor did it find that similar remarks as those made in Petitioner's trial were prejudicial or improper.

After reviewing the arguments provided by Petitioner and Respondent, this Court concludes that the state adjudication did not result in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, nor did the adjudication result in a decision based on an unreasonable determination of facts. 28 U.S.C. § 2254(d). Petitioner's trial counsel provided what amounts to a reasonable explanation for the decision not to object to the solicitor's closing statement regarding the guilty plea of Petitioner's co-defendant. The trial testimony included not only evidence of the co-defendant's guilty plea, but also trial testimony

9

and evidence that revealed Petitioner's involvement as an accomplice of the crime, rather than simply being "merely present." In considering the two-pronged analysis of *Strickland*, this Court agrees with the PCR court's finding that trial counsel's representation met the standard of "reasonably effective assistance," and Petitioner was not otherwise prejudiced by trial counsel's performance or decisions. The testimony at trial provides support from which a jury could find that Petitioner was an accomplice to the crimes committed. Therefore, this Court agrees that the solicitor's closing comments were a correct reflection of the trial testimony. As to Petitioner's argument that trial counsel had a duty to mitigate the impact of a guilty plea, trial counsel argued in response to the state's closing arguments that Petitioner was simply present at the crime scene. Further, as the Magistrate Judge explained, the cases cited by Petitioner in his initial response brief are distinguishable from this case in that here, the comments made by the prosecutor were not incendiary comments about his character or an improper statement of the law. Trial counsel's reasons for deciding not to object to the solicitor's statements in closing arguments were thus reasonable in light of the circumstances. The PCR court's decision is supported by the record, and Petitioner has not otherwise made the requisite showing under 28 U.S.C. § 2254(d) to grant relief.

Petitioner's remaining grounds were previously abandoned by Petitioner in his earlier briefings. In his response to the Respondent's Motion for Summary Judgment, Petitioner stated he abandoned his third ground for relief. [ECF #26, p. 10]. The Magistrate Judge considered Petitioner's first and fourth stated grounds for relief and recommended granting summary judgment as to those grounds. Petitioner concedes these grounds are not viable for review, and this Court agrees with the Magistrate Judge's recommendation that summary judgment should be granted as to grounds one and four. Accordingly, this Court grants Respondent's motion for summary

judgment as to all grounds raised in the petition for habeas relief.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes that Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## Conclusion

After reviewing the entire record, and for the reasons stated above and by the Magistrate Judge in the Report and Recommendation, this Court overrules Petitioner's objections [ECF #30] and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. [ECF #29].

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment [ECF #20] is **GRANTED**, and Petitioner's habeas petition [ECF #1] is **DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Florence, South Carolina  s/ R. Bryan Harwell
March 28, 2018  R. Bryan Harwell
United States District Judge